IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FERMIN GUTIERREZ BENITEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:25-CV-00346 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| PAMELA J. BONDI, in her official capacity as | § | |
| Attorney General of the United States; KRISTI | § | |
| NOEM, in her official capacity as Secretary of | § | |
| the Department of Homeland Security; TODD | § | |
| LYONS, in his official capacity as Acting | § | |
| Director of Immigration and Customs | § | |
| Enforcement; MARCOS CHARLES, in his | § | |
| official capacity as Acting Associate Director of | § | |
| Enforcement and Removal Operations; and | § | |
| ALEXANDER SANCHEZ, in his official | § | |
| capacity as Warden of the IAH Secure Adult | § | |
| Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Fermin Gutierrez Benitez's Petition for Writ of Habeas Corpus

(the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Fermin Gutierrez Benitez (Benitez) is a Mexican national who entered the United

States illegally in 2007.[1] *See* [Dkt. 1 at ¶ 15]. In October 2025, United States Immigration and Customs

Enforcement (ICE) took Benitez into custody and initiated removal proceedings against him. *Id.* at ¶

16. Because the Government determined that Benitez was subject to mandatory detention under 8

U.S.C. § 1225(b)(2)(A), he did not receive a bond hearing. *Id.* at ¶ 17. Benitez has remained in custody

---

[1] In his Petition, Benitez states that he entered the United States "without being inspected, admitted, or paroled." [Dkt. 1 at ¶ 15]. Under 8 U.S.C. § 1325, it is illegal to "elude examination or inspection by immigration officers" when entering the United States. *See* 8 U.S.C. § 1325.

ever since his arrest. *See id.* at ¶ 26. On December 19, 2025, Benitez filed his habeas Petition, claiming that the Government detained him without a bond hearing in violation of the Immigration and Naturalization Act (INA)[2] and the United States Constitution. *Id.* at ¶¶ 20, 24.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Benitez claims that both that the INA and the Fifth Amendment forbid the Government from detaining him without a bond hearing. [Dkt. 1 at ¶¶ 20, 24]. The Court addresses each argument separately.

### A. Immigration and Naturalization Act

Benitez is not the first illegal-entrant detainee claiming to have been improperly detained without a bond hearing.[3] Since the beginning of President Trump's second term, immigration authorities have detained illegal entrants under 8 U.S.C. § 1225(b)(2)(A), which disqualifies detainees from being released on bond. *See* 8 U.S.C. § 1225(b)(2)(A). Benitez and his counterparts argue that they should instead have been detained under 8 U.S.C. § 1226(a), which makes bond available. *See id.*

---

[2] 8 U.S.C. § 1101 et seq.

[3] *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, 2025 WL 3264478 at *2–3 (N.D. Tex. Oct. 24, 2025) (Hendrix, J.); *Sandoval v. Acuna*, No. 6:25-cv-01467, 2025 WL 3048926 at *1 (W.D. La. Oct. 31, 2025).

§ 1226(a). Section 1225(b)(2)(A) provides that aliens "*shall be* detained" pending removal if they are "applicants for admission" and not deemed "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Any alien "present in the United States who has not been admitted" is an "applicant for admission." 8 U.S.C. § 1225(a)(1). Because section 1225(b)(2)(A) provides that applicants for admission "shall be" detained during removal proceedings, aliens detained under the statute do not receive bond hearings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Section 1226(a), on the other hand, provides that aliens "may be arrested and detained" pending removal proceedings, at the Attorney General's discretion. 8 U.S.C. § 1226(a). Once an alien is detained under section 1226(a), the Attorney General may "continue to detain the arrested alien" or order the alien released on bond. § 1226(a)(1)–(2). Section 1226 does not expressly require bond hearings either, although it allows detainees to request them when appealing initial custody determinations. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

### 1. Application of Sections 1225(b)(2)(A) and 1226(a)

Benitez is an "applicant for admission" as defined in section 1225. *See* 8 U.S.C. § 1225(a)(1). By his own account, Benitez entered the United States without inspection and was present in the United States at the time of his arrest. By consequence, Benitez is an alien "present in the United States who has not been admitted," which makes him an applicant for admission under section 1225's definition. *See* 8 U.S.C. § 1225(a)(1). Accordingly, section 1225(b)(2)(A) applies to him. *See id.* § 1225(b)(2)(A). However, section 1226(a), which does not distinguish between groups of aliens, could also apply to Benitez. *See id.* § 1226(a). Therein lies the dilemma.

A "basic principle of statutory construction" easily resolves the apparent conflict between sections 1225(b)(2)(A) and 1226(a). *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). If two statutes, one general and one specific, apply to the same subject, the more specific statute controls unless the legislature clearly intended otherwise. *See id.*; *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974). In this case, section 1225(b)(2)(A) is the more specific statute, since it applies only to

aliens who are "applicants for admission." *See* 8 U.S.C. § 1225(b)(2)(A). Here, there is no clear indication that Congress intended for section 1226(a) to displace section 1225(b)(2)(A). Accordingly, section 1225(b)(2)(A) controls. *See Radzanower*, 426 U.S. at 153; *Morton*, 417 U.S. at 550–51. Accordingly, Benitez is subject to mandatory detention and is not entitled to a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A).

The result would not change if Benitez were instead detained under section 1226(a), since neither section 1226(a) nor its accompanying regulations expressly require bond hearings. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Section 1226(a) itself merely provides that the Attorney General "*may* release" discretionarily detained aliens on bond. 8 U.S.C. § 1226(a) (emphasis added). However, the Attorney General can revoke an alien's bond "at any time." *Id.* § 1226(b). Likewise, regulations passed incident to section 1226(a) provide only that aliens detained under the statute "*may* request" a custody redetermination from an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The regulations do not expressly require immigration judges to grant aliens' custody-redetermination requests or hold hearings on them. *See id.* §§ 236.1(d)(1), 1236.1(d)(1). Read most logically, section 1226(a) and its ancillary regulations make bond hearings a discretionary remedy, not a required procedure. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, even if the Government detained Benitez under section 1226(a) instead of section 1225(b)(2)(A), he still would not be entitled to a bond hearing. *See* 8 U.S.C. § 1226(a)–(b); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). The Government's failure to afford Benitez a bond hearing therefore does not violate the INA and does not entitle him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### B. Due Process

Benitez further argues that due process, if not the INA, requires the Government to give him a bond hearing. [Dkt. 1 at 16]. Even if Benitez is correct, he still is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Benitez's due-process challenge is directed not at the lawfulness of his confinement *per se*, but the lawfulness of the Government's

failure to provide a bond hearing. *See* [Dkt. 1 at ¶¶ 35, 48]. The underlying basis for Benitez's confinement—his unlawful entry and continued unlawful presence in the United States—is undisputedly valid. *See id.* at ¶ 35. Accordingly, Benitez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[4] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Benitez's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Benitez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Benitez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Benitez to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

---

[4] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

### IV. CONCLUSION

Because Benitez has failed to demonstrate by a preponderance of the evidence that his detention violates federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Benitez's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**.

This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 30th day of December, 2025.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge

6